UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HECTOR PALERMO,

                                Plaintiff,

  -against-

CITY OF NEW YORK; SCOTT BERGER; MATTHEW GALE; JOHN GIESER; ADAM GULLO; DWANE LEESHUE; DANIEL MCNULTY; DEREK MERCADO; and POLICE OFFICERS JOHN and JANE DOE 1 through 2 (individually and in their official capacities, the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------------X

*AMENDED COMPLAINT*

Docket No.
1:15-cv-06370

ECF CASE



Plaintiff HECTOR PALERMO, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

### PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution in addition to violations of the Laws of the State of New York.

2. The claim arises from a May 14, 2014 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Palermo without probable cause. Mr. Palermo initially spent approximately 44 hours unlawfully in police custody. After going to Court a number of times, Mr. Palermo's case was dismissed and sealed on or about August 7, 2014.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the

Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988, as well as the Laws of the State of New York.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within the District as well as a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff HECTOR PALERMO ("Plaintiff" or "Mr. Palermo") resided at all times in Bronx County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Scott Berger, Shield No. 10210 ("Berger") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Berger was, at the time relevant herein, a Police Officer under Shield # 10210 in the 41st Precinct.  Defendant Berger is sued in his individual capacity.

12. Defendant Matthew Gale, Shield No. 5617 ("Gale") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gale was, at the time relevant herein, a Police Officer under Shield # 5617 in the 41st Precinct.  Defendant Gale is sued in his individual capacity.

13. Defendant John Gieser, Shield No. 3294 ("Gieser") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gieser was, at the time relevant herein, a Police Officer under Shield # 3294 in the 41st Precinct.  Defendant Gieser is sued in his individual capacity.

14. Defendant Adam Gullo, Shield No. 2311 ("Gullo") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gullo was, at the time relevant herein, a Police Officer under Shield # 2311 in the 41st Precinct.  Defendant Gullo is sued in his individual capacity.

15. Defendant Dwane Leeshue, Shield No. 13832 ("Leeshue") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Leeshue was, at the time relevant herein, a Police Officer under Shield # 13832 in the 41st Precinct.  Defendant Leeshue is sued in

his individual capacity.

16. Defendant Daniel McNulty, Shield No. 9790 ("McNulty") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant McNulty was, at the time relevant herein, a Police Officer under Shield # 9790 in the 41st Precinct.  Based upon information and belief, Defendant McNulty is currently assigned to Bronx Transit Police District 11 located at 1 E 161st St #11, Bronx, NY 10451.  Defendant McNulty is sued in his individual capacity.

17. Defendant Derek Mercado, Shield No. 910 ("Mercado") was, at all times here relevant, a Police Officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Mercado was, at the time relevant herein, a Sergeant under Shield # 910 in the 41st Precinct.  Defendant Mercado is sued in his individual capacity.

18. At all times relevant Defendants John and Jane Doe 1 through 2 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 2.

19. At all times relevant herein, Defendants John and Jane Doe 1 through 2 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 2 are sued in their individual and official capacities.

20. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

21. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

22. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

23. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

24. On May 14, 2014, at approximately 11:35 p.m., Mr. Palermo was in the vicinity of 1325 Lafayette Avenue, Bronx, NY.

25. Unidentified defendants, acting in concert, instructed Mr. Palermo to get against the wall of inside of 1325 Lafayette Avenue, Bronx, NY, and turn around.

26. At no point did the Defendants observe Mr. Palermo commit any crime or offense.

27. Mr. Palermo obeyed Defendants' orders.

28. Defendants, acting in concert, searched Mr. Palermo without his permission or authority.

29. No contraband or anything of illegality was found on Mr. Palermo.

30. Mr. Palermo inquired as to why he was being searched, if he could have his property returned, and why he was being searched.

31. Throughout the encounter, unidentified Defendants repeatedly cursed at Mr. Palermo.

32. Unidentified Defendants unlawfully handcuffed Mr. Palermo in an excessively tight manner, causing pain and marks to his wrists.

33. Unidentified Defendants, placed Mr. Palermo under arrest.

34. Mr. Palermo did not resist arrest.

35. The Defendants had no probable cause or reasonable suspicion to detain or arrest Mr. Palermo.

36. Upon information and belief, Unidentified Defendants were present during the unlawful arrest.

37. Upon information and belief, an unidentified Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Palermo.

38. Mr. Palermo inquired as to why he was being arrested.

39. Defendants refused to tell Mr. Palermo why he was being arrested.

40. Unidentified Defendants placed Mr. Palermo into an NYPD vehicle and drove Mr. Palermo to the 41st Precinct.

41. Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 41st Precinct.

42. Defendants intentionally drove to the 41st Precinct in an unnecessarily aggressive manner.

43. Because Plaintiff was handcuffed and unable to brace himself, Defendants intentional aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

44. Eventually, Mr. Palermo was transported to central bookings in the Bronx.

45. At arraignments, the Judge released Mr. Palermo on his own recognizance, and the matter was adjourned.

46. Plaintiff Palermo spent approximately 44 hours unlawfully detained in police custody.

47. After multiple court appearances, on August 7, 2014, Mr. Palermo's case was dismissed and sealed in his favor.

48. Defendants, acting with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Criminal Trespass in the Second Degree, and other related charges.

49. Defendants, including Defendant Gale, prepared false sworn affidavits and false

police reports relating to Mr. Palermo's arrest.

50. Defendants, including Defendants Gale, falsely conveyed information that he was informed that the tenant of 4C did not know Mr. Palermo.

51. Defendants, including Defendant Gale, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Palermo's arrest.

52. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

53. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Palermo Criminally Trespassed.

54. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Palermo and violate his civil rights.

55. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Palermo without probable cause or failed to intervene in the actions of their fellow officers when they observed Mr. Palermo being arrested without probable cause.

56. At all times relevant hereto, Defendants were involved in the decision to violate Mr. Palermo's civil rights, including falsely arresting Plaintiff, and failing to intervene in the actions of their fellow officers.

57. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment,

humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation, and loss of employment.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

61. The above paragraphs are here incorporated by reference as though fully set forth.

62. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

63. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

64. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

65. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

67. The above paragraphs are here incorporated by reference as though fully set forth.

68. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of Liberty without probable cause.

69. Plaintiff was conscious of his confinement.

70. Plaintiff did not consent to his confinement.

71. Plaintiff's arrest and false imprisonment was not otherwise privileged.

72. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

76. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

77. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

78. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Malicious Prosecution Under
New York State Law Against Individual Defendants

79. The above paragraphs are here incorporated by reference as though fully set forth.

80. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

81. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

82. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Palermo possessed a controlled substance, sold marihuana, and possessed marihuana.

86. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

87. In creating false evidence against Plaintiff, and in forwarding false information to

prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

89. The above paragraphs are here incorporated by reference as though fully set forth.

90. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

91. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

92. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

93. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

95. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

96. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

97. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

98. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

99. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

100. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

101. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

102. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    c)    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    d)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    e)    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 14, 2016
       New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

*/s/ JPDeVerna*

By: John Paul DeVerna (JD5237)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)